UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

GREGORY TYRONE HARRIS,

    Petitioner,

v.                                                Case No. 8:11-cv-1915-T-33TBM

SECRETARY, DEPARTMENT OF CORRECTIONS,

    Respondent.
_____

## **ORDER**

Petitioner, an inmate of the Florida penal system proceeding *pro se,* filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 challenging his conviction and sentence for strong army robbery entered by the Circuit Court for the Thirteenth Judicial Circuit, Hillsborough County, Florida.

Because Petitioner filed his request for federal habeas relief after the enactment date of the Antiterrorism and Effective Death Penalty Act of 1996 (hereinafter "AEDPA"), the petition is governed by the provisions thereof. *See Wilcox v. Singletary,* 158 F.3d 1209, 1210 (11th Cir. 1998), *cert. denied,* 531 U.S. 840 (2000). The AEDPA contains several habeas corpus amendments, one of which established a "gatekeeping" mechanism for the consideration of "second or successive habeas corpus applications" in the federal courts, *see* 28 U.S.C. § 2244(b). *See Stewart v. Martinez- Villareal,* 523 U.S. 637, 641-42 (1998). Section 2244(b) provides, in pertinent part, that before a second or successive application for habeas corpus relief is "filed in the district court, the applicant shall move in the

appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).

Petitioner has previously sought federal habeas relief in this Court regarding the conviction he challenges in this action. *See Harris v. Charles J. Crist, Jr., Secretary, Department of Corrections,* 8:06-cv-1582-T- 27TGW (M.D. Fla. 2006) (denied August 10, 2009). Clearly, the present petition is a second or successive petition.

Therefore, pursuant to 28 U. S. C. § 2244(b )(3), Petitioner must seek and obtain authorization from the Eleventh Circuit Court of Appeals prior to initiating this action. *See Medina* v. *Singletary,* 960 F. Supp. 275, 277-78 (M.D. Fla. 1997) (and cases cited therein). Petitioner has not shown that he has applied to the court of appeals for an order authorizing this Court to consider his application. Without such prior authorization from the Eleventh Circuit, this Court has no jurisdiction to consider the petition. *See Fugate* v. *Dep't. of Corrections,* 301 F. 3d 1287 (11th Cir. 2002). Thus, this case will be dismissed without prejudice to allow Petitioner the opportunity to seek said authorization.

ACCORDINGLY, the Court **ORDERS** that:

1. Petitioner's petition (Doc. 1) is **DISMISSED** without prejudice.

2. The Clerk is directed to send Petitioner the Eleventh Circuit's application form for second or successive habeas corpus petitions under 28 U.S.C. § 2244(b) and to close this case.

**CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL IN FORMA PAUPERIS DENIED**

**IT IS FURTHER ORDERED** that Petitioner is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to

appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability ("COA"). Id. "A [COA] may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right." Id. at § 2253( c )(2). To merit a certificate of appealability, Petitioner must show that reasonable jurists would find debatable both (1) the merits of the underlying claims and (2) the procedural issues he seeks to raise. *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel,* 529 U.S. 473, 478 (2000); *Eagle v. Linahan,* 279 F.3d 926,935 (11th Cir 2001). Because the petition is clearly a second or successive petition, Petitioner cannot satisfy the second prong of the *Slack* test. 529 U.S. at 484.

Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal *in forma pauperis.*

ORDERED at Tampa, Florida, on August 24, 2011.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Gregory Tyrone Harris